# MATTER OF GONZALEZ-LOPEZ

## In Deportation Proceedings

### A-72016426

*Decided by Board March 9, 1993*

(1) The Board of Immigration Appeals is without authority to consider an appeal from an in absentia order made under the deportation procedures specified under section 242(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b)(1) (Supp. II 1990), and section 242B(c)(1) of the Act, 8 U.S.C. § 1252b(c)(1) (Supp. III 1991), where section 242B(c)(3) of the Act clearly shows that any in absentia order made under these new deportation procedures may only be rescinded by filing a motion to reopen with the immigration judge.

(2) An alien may take an appeal to the Board of Immigration Appeals from an immigration judge's denial of a motion to reopen filed for purposes of seeking the rescission of the immigration judge's in absentia order pursuant to section 242B(c)(3) of the Act.

(3) An alien may properly appeal an immigration judge's in absentia order to the Board of Immigration Appeals, or file a motion to reopen with the immigration judge in the circumstances set forth in *Matter of Haim*, 19 I&N Dec. 641 (BIA 1988), if the in absentia order was rendered in exclusion proceedings or in deportation proceedings where service or attempted service of the notice of the hearing for which the alien failed to appear was made prior to June 13, 1992, the effective date for the new deportation procedures specified in section 242B of the Act.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1)(B) [8 U.S.C. § 1251(a)(1)(B)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Vernon D. Gutjahr, Esquire
3434 Haines Way, Suite 102
Falls Church, Virginia 22041

ON BEHALF OF SERVICE:
William C. Peterson
General Attorney

BY: Milhollan, Chairman; Morris, Vacca, and Heilman, Board Members

In a decision dated September 21, 1992, an immigration judge found the respondent deportable as charged under section 241(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(B) (Supp. II 1990), as an alien who had entered the United States without inspection, and ordered him deported from the United States to El

Salvador. The decision was rendered following a hearing held in absentia due to the respondent's failure to appear. The respondent has appealed from that decision. However, the record will be returned to the Office of the Immigration Judge without further Board action, as we are precluded by statute from considering the appeal.

Section 242(b) of the Act, 8 U.S.C. § 1252(b) (Supp. II 1990), in pertinent part, provides as follows:

> If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present.

The Board has for some time had the authority to consider direct appeals from an immigration judge's in absentia order. *See generally* 8 C.F.R. §§ 3.1(b)(1), (2) (1992). However, the deportation proceedings in the case before us, including the issuance and service of the Order to Show Cause and Notice of Hearing (Form I-221) on July 26, 1992, the subsequent notice of the date of the hearing in question, and the in absentia hearing were conducted under the deportation procedures specified in newly effective section 242B of the Act, 8 U.S.C. § 1252b (Supp. III 1991). Section 242B, which was inserted in the Act by section 545(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5061, and was amended by section 306(b)(6) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1753, became effective as to subsections (a), (b), (c), and (e)(1) on June 13, 1992. *See* section 545(g) of the Immigration Act of 1990, 104 Stat. at 5066; *see also* 57 Fed. Reg. 5180 (1992); 56 Fed. Reg. 38,463, 38,464 (1991). Section 242B(c) of the Act was properly applicable to the deportation proceedings before us. That section provides in pertinent part:

> (1) IN GENERAL.- Any alien who, after written notice required under subsection (a)(2) has been provided to the alien or the alien's counsel of record, does not attend a proceeding under section 242, shall be ordered deported under section 242(b)(1) in absentia if the Service establishes by clear, unequivocal, and convincing evidence that, the written notice was so provided and that the alien is deportable. The written notice by the Attorney General shall be considered sufficient for purposes of this paragraph if provided at the most recent address provided under subsection (a)(1)(F).
>
> (2) NO NOTICE IF FAILURE TO PROVIDE ADDRESS INFORMATION.- No written notice shall be required under paragraph (1) if the alien has failed to provide the address required under subsection (a)(1)(F).

Sections 242B(c)(1), (2) of the Act.

On appeal to this Board, the respondent contends through counsel that she was not afforded proper notice of her hearing. However, the Board is without authority to consider her appeal, as we are precluded from doing so by section 242B(c)(3) of the Act. That section provides:

RESCISSION OF ORDER.- Such an order may be rescinded only–

(A) upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (f)(2)), or

(B) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) or the alien demonstrates that the alien was in Federal or State custody and did not appear through no fault of the alien.

The filing of the motion to reopen described in subparagraph (A) or (B) shall stay the deportation of the alien pending disposition of the motion.

Section 242B(c)(3) of the Act.

These provisions clearly show that any in absentia order made under sections 242(b)(1) and 242B(c)(1) of the Act may *only* be rescinded by filing a motion to reopen with the immigration judge. The use of the term "only" makes this the exclusive method of reviewing the in absentia order. It is the immigration judge with whom the motion must be filed and who must act on the motion. We note that section 242B(c)(3) specifically provides that filing of the motion shall stay the deportation of the alien. The alien may take an appeal to the Board if the motion to reopen is denied by the immigration judge. *See* 8 C.F.R. §§ 3.1(b), 3.3 (1992). In sum, the proper course for the respondent in the case before us is to file a motion to reopen with the immigration judge in order to make her contention regarding the lack of proper notice.

We would emphasize that the previously followed procedures for administrative review still remain in effect where an in absentia order is made in exclusion proceedings, or in deportation proceedings following service or attempted service of the notice of a hearing, for which the alien failed to appear, made prior to June 13, 1992, the effective date for the procedures specified in section 242B of the Act. In these circumstances, the alien may still appeal the in absentia order to the Board, or, particularly where the cause of the alien's failure to appear relates to facts not before the immigration judge at the time of the decision, he can file a motion to reopen the proceedings with the immigration judge, as set forth in *Matter of Haim*, 19 I&N Dec. 641 (BIA 1988).

IT IS ORDERED that the record be returned to the Office of the Immigration Judge without further Board action.