# In re Ana Delores GUZMAN-Arguera, Respondent

### File A23 729 998 - Los Angeles

*Decided May 24, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Board of Immigration Appeals lacks jurisdiction to consider an appeal from an in absentia order in removal proceedings where section 240(b)(5)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(5)(C) (Supp. II 1996), provides that such an order may only be rescinded by filing a motion to reopen with the Immigration Judge. *Matter of Gonzalez-Lopez*, 20 I&N Dec. 644 (BIA 1993), followed.

Pro se

Margaret David, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, COLE, MATHON, JONES, GRANT, SCIALABBA, and MOSCATO, Board Members. Concurring Opinion: VILLAGELIU, Board Member, joined by SCHMIDT, Chairman; FILPPU, ROSENBERG, and GUENDELSBERGER, Board Members.

MATHON, Board Member:

In a decision dated November 3, 1997, the Immigration Judge ordered the respondent removed from the United States following her failure to appear for the scheduled hearing. The respondent's appeal will be returned to the Immigration Court without further action.

Any alien who, after written notice has been provided, does not attend a scheduled hearing shall be ordered removed in absentia if the Immigration and Naturalization Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable. See section 240(b)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5) (Supp. II 1996). Such a removal order may be rescinded if a motion to reopen is filed with the Immigration Judge within 180 days after the date of the order of removal and if the alien demonstrates that the failure to appear was because of exceptional circumstances. *See* section

240(b)(5)(C)(i) of the Act. The motion to reopen can be filed at any time if the alien demonstrates that he or she did not receive notice or was in Federal or State custody and the failure to appear was through no fault of the alien. *See* section 240(b)(5)(C)(ii) of the Act.

In the context of deportation proceedings we have held that the Board of Immigration Appeals is without authority to consider a direct appeal from an in absentia order. *See Matter of Gonzalez-Lopez,* 20 I&N Dec. 644 (BIA 1993). That holding was based on the provisions of the Act governing in absentia orders rendered in deportation proceedings. *See* section 242B(c) of the Act, 8 U.S.C. § 1252b(c) (1994). We note that the sections of the Act governing in absentia orders in deportation proceedings are nearly identical to those governing in absentia orders in removal proceedings. Both require an alien who fails to appear for a hearing to file a motion to reopen before the Immigration Judge. Only when an alien has exhausted this avenue of relief may he or she file an appeal with the Board. We also note that the regulations state as follows:

> Pursuant to 8 CFR part 3, an appeal shall lie from a decision of an immigration judge to the Board of Immigration Appeals, except that no appeal shall lie from an order of removal entered in absentia.

8 C.F.R. § 240.15 (1999). We accordingly find that the holding in *Gonzalez-Lopez* applies equally to removal proceedings.

In the present case, the Immigration Judge found the respondent to be removable following her failure to appear for a scheduled hearing. This hearing was held in absentia pursuant to section 240(b)(5) of the Act. The respondent now claims that she never received notice of her hearing date. However, she failed to first file a motion to reopen with the Immigration Judge as required by section 240(b)(5)(C) of the Act and 8 C.F.R. § 240.15.

Accordingly, the Board lacks jurisdiction over this appeal.

**ORDER:** The record is returned to the Immigration Court without further Board action.

*CONCURRING OPINION:* Gustavo D. Villageliu, Board Member, in which Paul W. Schmidt, Chairman; Lauri S. Filppu, Lory D. Rosenberg, and John Guendelsberger, Board Members, joined

I agree with the majority's conclusion that in view of our precedent in *Matter of Gonzalez-Lopez,* 20 I&N Dec. 644 (BIA 1993), involving similar statutory language, and 8 C.F.R. § 240.15 (1999), a motion to reopen, not an appeal, is the appropriate procedure to challenge an in absentia order. I would not, however, simply return the record to the Immigration Court without further Board action.

The record reflects that the appeal was filed within the 30-day appeal limit and complied with the requisite fee and service requirements.

Consequently, if treated as a motion, such motion meets the 180-day general limit for motions seeking rescission pursuant to section 240(b)(5)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(5)(C)(i) (Supp. II 1996), as well as under section 240(b)(5)(C)(ii), which has no time limitation, since this respondent alleges that she received no notice of her removal proceedings. Pursuant to section 240(b)(5)(C), the respondent's removal from the United States would be stayed pending consideration of her contention that she did not appear because she never received notice of her hearing. Accordingly, I would exercise the authority delegated by the Attorney General under 8 C.F.R. §§ 3.1(d)(1) and (2) (1999) and return the case to the Immigration Court for further action, treating the appeal as a motion, as appropriate and necessary for the efficient disposition of the case. *See Matter of J-J-,* 21 I&N Dec. 976 (BIA 1997) (Villageliu, concurring); *cf. Matter of Mladineo*, 14 I&N Dec. 591 (BIA 1974) (Board assuming jurisdiction by certification for efficiency).