Wesner GIRAULT[1] Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IM-MIGRATION SERVICES, by its District Director; and Alberto Gonzales, Attorney General of the United States of America, Respondents.**

Docket No. 03–40974.

United States Court of Appeals, Second Circuit.

July 19, 2005.

Paulette Detiberiis, Kuba, Mundy and Associates, New York, NY, for Petitioner.

Eric F. Melgren, United States Attorney for the District of Kansas, Wichita, KA. (Brent I. Anderson, Assistant United

1. The official caption reverses the correct order of Mr. Girault's name; the Clerk's office is directed to correct the caption.

States Attorney, on the brief), for Appellees.

Present: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition is **GRANTED** and the order appealed from **AFFIRMED** in part and **VACATED** in part.

Wesner Girault appeals from an October 22, 2003, order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") directing Girault's removal from the United States and denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

The IJ found that Girault had not established past persecution through his testimony because that testimony was not credible due to inconsistencies, failure to remember dates, and the inherent implausibility of his account of events in Haiti, his native country. The IJ also held that Girault should have furnished corroborating evidence of his attendance at the school where the alleged persecution began.

Having found that Girault did not establish past persecution, the IJ next found that Girault had not established a likelihood of future persecution because (1) his testimony was incredible, and (2) the IJ found no indication "in [the] evidence . . . that anyone in Haiti is seeking out this respondent for any type of untoward acts toward him." The IJ therefore denied asylum. Alternatively, he indicated that he would not exercise his discretion to grant asylum.

The IJ denied withholding of removal, without further analysis, based on his finding that Girault had not established entitlement to asylum. The judge denied Convention Against Torture relief because Girault had "not established that if he was to return to Haiti, it is more likely than not that he would be subject to torture."

The BIA affirmed "for the reasons set forth" in the IJ's decision but specifically declined to affirm the IJ's credibility findings.

However, with one exception, the entire basis for the IJ's finding that Girault failed to establish past persecution was Girault's lack of credibility. Inconsistencies and implausibility are bases on which an IJ can found an adverse credibility finding. *See Diallo v. INS*, 232 F.3d 279, 287–88 (2d Cir.2000) (quoting *In re S–M–J–*, 1999 WL 322974, 22 I. & N. Dec. 722, 729 (BIA 1997) for the proposition that adverse credibility findings are properly premised "upon inconsistent statements, contradictory evidence, and inherently improbable testimony").

The one exception—the IJ's conclusion that Girault should have furnished independent proof of his school attendance—cannot stand on its own as a basis for holding that Girault did not satisfy his burden of showing past persecution because the IJ failed to show that proof of high school attendance was reasonably available to Girault. *See Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). The IJ's ipse dixit that the documents would be reasonably available is not grounded in evidence in the record and therefore is unreliable. *See id.* at 154 ("[The] requirement that the BIA back its demands for corroborative evidence with a reasoned explanation—an explanation that responds to evidence of actual conditions in the asylum-seeker's former country of resi-

dence—constitutes one small, but crucial, defense against potentially mistaken, culturally based assumptions about the existence and availability of documents."). Therefore, there was no basis apart from the IJ's credibility finding on which the BIA could have affirmed the IJ's finding of no past persecution. Since the BIA did not affirm the adverse credibility findings, its conclusions are not sustainable.

In finding that Girault failed to establish a likelihood of future persecution, the IJ relied on Girault's lack of credibility, and an asserted lack of evidence in the record that anyone in Haiti was looking for Girault. Because the BIA did not affirm the IJ's credibility findings, we confine our review to the IJ's assertion that no evidence suggested that anyone in Haiti was looking for Girault. In reaching this conclusion, the IJ ignored record evidence, in the form of two letters from Girault's wife to Girault. These letters, which were written after Girault left Haiti, detailed visits by armed men looking for Girault. In Girault's absence, the men allegedly attacked other household members and threatened Girault. The IJ's failure to consider the record as a whole would ordinarily require vacatur and remand on the issue of likelihood of future persecution. See Qiu, 329 F.3d at 149. We need not remand Girault's asylum claim for further consideration, however, because the IJ independently denied asylum as a matter of his discretion. Such a determination is "conclusive unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). Because the IJ's discretionary determination assumed that Girault was eligible for asylum and relied on factors independent of credibility, it is conclusive.

Nevertheless, remand is required on Girault's contention that he is entitled to mandatory withholding of removal. See

Qiu, 329 F.3d at 148 (entitlement to withholding of removal requires a showing that it is more likely than not that an applicant's life or freedom would be threatened on account of a privileged ground). The IJ did not reach this issue because the showing required for withholding of removal is greater than that for asylum, see Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004), and he had previously determined, largely on credibility grounds, that Girault did not make the lesser showing. As we have indicated, we cannot rely on the IJ's unaffirmed credibility findings or on his demand for corroborative evidence to sustain his decision. We therefore vacate the order of the BIA to the extent that it affirmed the IJ, and remand to the BIA for further consideration of Girault's entitlement to withholding of removal.

We affirm, however, the IJ's conclusion that the evidence in the record does not establish that Girault would more likely than not be tortured if returned to Haiti. See 8 C.F.R. § 208.16(c)(2). Therefore, there is no need for a remand to further address the Convention Against Torture.

In sum, we grant the petition for review, find conclusive the discretionary determination to deny Girault asylum, remand for further consideration of the claim to withholding of removal, and affirm the IJ's determination that Girault failed to show entitlement to relief under the Convention Against Torture.