**Dilbagh SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–70542.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2008.*

Filed Oct. 15, 2008.

Martin Roy Robles, Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, W. FLETCHER and RAWLINSON, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's second motion to reopen removal proceedings after he was ordered removed in absentia.

We review the BIA's ruling on a motion to reopen "for an abuse of discretion, although de novo review applies to the BIA's determination of purely legal questions." *Mejia v. Ashcroft,* 298 F.3d 873, 876 (9th Cir.2002).

A motion to reopen an in absentia removal order based on lack of notice must be filed before the Immigration Judge in the first instance. *See* 8 U.S.C. § 1229a(5)(C); 8 C.F.R. § 1003.23(b); *In Re: Guzman–Arguera,* 22 I. & N. Dec. 722 (BIA 1999). The BIA thus did not err in finding that it lacked jurisdiction in the first instance to consider petitioner's motion to reopen asserting that he had not received proper notice of the hearing. In addition, to the extent that petitioner's "motion to reopen and rescind" sought reopening of the denial of petitioner's first motion to reopen his in absentia removal order, the BIA did not abuse its discretion in denying the second motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). This petition for review is denied.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

## PETITION FOR REVIEW DENIED.