18-2167
Duarte v. Barr

BIA
Strauss, IJ
A 098 594 072/073

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand twenty.

PRESENT:    REENA RAGGI,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                 *Circuit Judges.*
------------------------------------------------------------

LEIDA CRISTINA DUARTE and G.D.N.,
                 *Petitioners*,

            v.                                              18-2167-ag

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
                 *Respondent*.

------------------------------------------------------------

FOR PETITIONERS:              MARY FODEN, DeCastro Foden, LLC,
                              Hartford, Connecticut; Gerald R. Nowotny,
                              Latin American Law Center, Canton,
                              Connecticut.

FOR RESPONDENT:                    ELIZABETH K. FITZGERALD-SAMBOU, Trial Attorney, Margaret Kuehne Taylor, Senior Litigation Counsel, Office of Immigration Litigation, *for* Joseph H. Hunt, Assistant Attorney General, Civil Division, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals (the "BIA"), **IT IS ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Leida Cristina Duarte and her minor daughter, natives and citizens of Brazil, seek review of a July 2, 2018 decision of the BIA affirming an October 12, 2017 decision of an Immigration Judge ("IJ") denying Duarte's motion to reopen the proceedings to rescind an *in absentia* removal order. *In re Leida Cristina Duarte, G.D.N.*, Nos. A 098 594 072/073 (B.I.A. Jul. 2, 2018), *aff'g* Nos. A 098 594 072/073 (Immig. Ct. Hartford Oct. 12, 2017). We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

We review the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review motions to reopen removal proceedings for abuse of discretion. *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). The BIA has "broad discretion" to grant or deny such a motion. *I.N.S. v. Abudu*, 485 U.S. 94, 96 (1988); *see* 8 C.F.R. § 1003.2(a).

As a general matter, a petitioner cannot appeal directly to the BIA from an order of deportation that was issued *in absentia*. *See* 8 U.S.C. § 1229a(b)(5)(C); *In re Guzman*, 22 I. & N. Dec. 722, 723 (BIA 1999) (holding that the BIA is "without authority to consider a direct appeal from an in absentia order"). Instead, a petitioner seeking to rescind such an order must first file a motion to reopen removal proceedings. *See* 8 U.S.C. § 1229a(b)(5)(C). A motion to reopen can be filed at any time "if the alien demonstrates that [she] did not receive notice." 8 U.S.C. § 1229a(b)(5)(c)(ii); *see also Lopes v. Gonzales*, 468 F.3d 81, 84 (2d Cir. 2006) (holding that in considering a motion to reopen, "the central issue . . . is [not] whether the notice was properly mailed . . . but rather whether the alien actually *received* the notice); *Guzman*, 22 I. & N. Dec. at 723. Duarte argues that she did not receive notice of her April 5, 2005 hearing or the *in absentia* order of removal, and that therefore her motion to reopen should have been granted.

Even assuming that Duarte never received the notice of her April 5, 2005 hearing or the *in absentia* order of removal, the BIA did not abuse its discretion in denying Duarte's motion to reopen. First, Duarte was personally served with a written notice to appear, in English, for a hearing scheduled for February 22, 2005. Second, although she was also given oral notice in Spanish when she purportedly only speaks Portuguese, the agency is not required to give notice in a language that the petitioner

actually understands. *See* 8 U.S.C. § 1229(a)(1); *see also Lopes*, 468 F.3d at 85. Third, despite the personal service of a written notice to appear, Duarte failed to appear for her hearing. Fourth, when the hearing was rescheduled for April 5, 2005, notice was mailed to Duarte. Although the notice was returned as undeliverable, it was mailed to the address she provided. Finally, Duarte waited 12 years to move to rescind her *in absentia* removal order. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008) (on motion to reopen, factors to consider include applicant's affidavit, her prior attendance at hearings, and whether she exercised due diligence to redress the situation). Duarte knew she should have received correspondence from the immigration court, but never attempted to learn the status of her proceedings, assuming "the court had forgotten about [her]." In these circumstances, we cannot say that it was an abuse of discretion for the agency to decline to reopen the proceedings. The BIA well understood that Duarte did not receive the notice and *in absentia* order -- they were returned to the Immigration Court as undeliverable -- but it concluded that she should be charged with receiving the documents. In light of the circumstances, that conclusion was reasonable.

To the extent that Duarte presented new evidence to the BIA, the BIA did not abuse its discretion in declining to remand because the request was in essence an untimely second motion to reopen and the evidence was not previously unavailable. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (motions to

4

remand are subject to the same standards as motions to reopen); 8 C.F.R. § 1003.2(c)(1); 8 U.S.C. § 1229a(c)(7).

The agency also declined to reopen proceedings *sua sponte*. The agency may reopen *sua sponte* even where a motion to reopen is untimely, *see* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1), but we lack jurisdiction to review this "entirely discretionary" determination, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), unless the agency "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood*, 570 F.3d at 469. That exception does not apply here because the BIA did not misperceive the law. *See Ali*, 448 F.3d at 518; *In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997). Therefore, we do not have jurisdiction to further review the BIA's decision not to reopen *sua sponte*. *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5