In the

# United States Court of Appeals
## For the Seventh Circuit

No. 24-2930

DENIS ISABEL VERGARA CASTELLAR, et al.,

*Petitioners*,

*v.*

PAMELA J. BONDI, Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.
Nos. A245-124-589/656/675

SUBMITTED SEPTEMBER 29, 2025[*] — DECIDED OCTOBER 8, 2025

Before SCUDDER, ST. EVE, and MALDONADO, *Circuit Judges*.

PER CURIAM. Denis Isabel Vergara Castellar; Wilmer Javier Hernandez Villa; and Hernandez's minor child, W.F.H.G.—

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Venezuelan citizens who had been ordered removed in absentia after failing to appear at their removal hearing—petition for review of a summary dismissal of their appeal by the Board of Immigration Appeals. The Board determined that it lacked jurisdiction to review their appeal. We agree and therefore deny the petition.

In August 2023, petitioners entered the United States from Mexico and were intercepted by U.S. Border Patrol in the Rio Grande Valley. The three were charged with being removable under 8 U.S.C. § 1182(a)(6)(A)(i), issued separate Notices to Appear before an immigration judge, and paroled into the country. They provided their current address at a residence in Goshen, Indiana, and were released on their own recognizance. In March 2024, the Department of Homeland Security sent a notice to petitioners' Goshen address of a removal hearing scheduled in Chicago on April 2, 2024. Petitioners did not appear at the hearing. An immigration judge conducted the hearing in absentia, *see* 8 U.S.C. § 1229a(b)(5)(A), determined that the Department's documentary evidence established the factual allegations in their Notices to Appear, and ordered petitioners removed to Venezuela.

Two weeks later, on April 15, petitioners, proceeding pro se, filed a Notice of Appeal of the in absentia removal order with the Board of Immigration Appeals. In their appeal, they sought to have the case reopened because they had relocated and did not receive notice of their hearing. They asserted that they had attempted to change their address of record with the Department.

Also on April 15, petitioners filed a motion to reopen with the immigration judge, raising the same lack of notice argument as in their appeal to the Board. The motion included

screenshots of Form EOIR-33/IC—the Change of Address form—dated April 12, 2024. Hernandez also stated that he had "requested my change of address a few months ago but it was not received or approved." On April 24, the IJ denied the motion, finding that the record did not support petitioners' contention that they had requested a change of address before their April 2 removal hearing. *See* 8 U.S.C. § 1229a(b)(5)(B) ("No written notice shall be required … if the alien has failed to provide the address required under section 1229(a)(1)(F) of this title."). Petitioners eventually retained counsel, who neither appealed the IJ's April 24 ruling to the Board nor amended the pro se pending Notice of Appeal to include it.

On September 30, the Board summarily dismissed petitioners' appeal. The Board explained that it lacked jurisdiction to review the appeal because petitioners did not first move to reopen their case with the immigration judge, as required by the Immigration and Nationality Act. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii) (An in absentia removal order "may be rescinded only … upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice … ."). The Board acknowledged the IJ's April 24 denial of petitioners' April 15 motion to reopen, but noted that it could address only the IJ's April 2 removal order identified in the Notice of Appeal.

In their petition for review to this Court, petitioners, again proceeding pro se, maintain that their relocation prevented them from receiving notice of their hearing. They have submitted screenshots of an earlier separate Change of Address form dated October 4, 2023, before the scheduled removal hearing. Vergara states that she had an immigration hearing

on October 4, 2023, and submitted the Change of Address form at that time. Even if petitioners did submit this earlier October 4 form, we cannot consider it because it does not appear in the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Singh v. Bondi*, 144 F.4th 985, 988 (7th Cir. 2025). It appears that the October 4 form was not presented to the IJ when ruling on petitioners' motion to reopen or to the Board when it heard petitioners' appeal. The October 4 form should have been submitted with the motion to reopen on April 15, and we may not consider it.

Moreover, as the Board explained, petitioners failed to follow the proper procedure for seeking review of their removal. The Board may review an in absentia removal order only if (1) the petitioner moves to reopen before the IJ, (2) the IJ denies that motion, and (3) the petitioner appeals that denial to the Board. *See Singh v. Gonzales*, 436 F.3d 484, 489–90, 490 n.31 (5th Cir. 2006) ("The Board may become involved … because if the IJ denies the motion [to reopen], then that denial is appealable to the Board."); *see also In re Guzman-Arguera*, 22 I. & N. Dec. 722, 723 (B.I.A. 1999) (en banc) ("Only when an alien has exhausted this avenue of relief may he or she file an appeal with the Board."). Absent an appeal from the IJ's denial of the motion to reopen, the Board lacks authority to review the removal order because it is prohibited from engaging in fact-finding and has no record before it to review. *See Osmani v. Garland*, 24 F.4th 617, 623 (7th Cir. 2022) (citing 8 C.F.R. § 1003.1(d)(3)(iv)(A)); *Guzman-Arguera*, 22 I. & N. Dec. at 723. Here, because petitioners did not appeal the IJ's denial of their motion to reopen, they failed to satisfy the procedural steps required for Board review. The Board therefore did not err in declining to consider the petition.

For these reasons, we DENY the petition for review.