FA LI LIU, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 04–2062–ag.

United States Court of Appeals, Second Circuit.

May 1, 2006.

David X. Feng, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger and David Bitkower, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. ROSEMARY S. POOLER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Fa Li Liu, through counsel, petitions for review of the BIA decision dismissing his appeal of a decision of an immigration judge ("IJ") ordering him excluded *in absentia* as a result of his failure to appear at a hearing to address his application for relief under the Convention Against Torture ("CAT") and dismissing as moot his interlocutory appeal challenging the IJ's denial of his motion to reopen his applications for asylum and withholding of deportation, which he had previously withdrawn. We assume the parties' familiarity with the underlying facts and procedural history of the case and hold as follows.

At the time Liu filed his petition for review, which relates to exclusion proceedings commenced prior to April 1, 1997, the Court's jurisdiction arose from former section 106(a) of the Immigration and Nationality Act ("INA") and was governed by the "transitional rules" of § 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996). *See Twum v. INS*, 411 F.3d 54, 57 (2d Cir.2005). However, on May 11, 2005, Congress enacted The REAL ID Act, which provides, *inter alia*, that a "petition for review filed under former section 106(a) of the Immigration and Nationality Act ... shall be treated as if it had been filed as a petition for review under [8 U.S.C. § 1252], as amended by this section." REAL ID Act § 106(d), 119 Stat. 310–311 (May 11, 2005). Although we have not not yet interpreted § 106(d), we need not decide this issue in the present case because, even under the transitional rules, the standard of review for factual findings would have been the same as it is in a permanent rules case, *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 n. 7 (2d Cir.2004) (noting that the permanent rules simply codified that standard in 8 U.S.C. § 1252(b)(4)(B)), and there do not appear to be any other differences in the Court's analysis that would result from following the permanent judicial review rules.

Pursuant to the pre-IIRIRA statutory and regulatory regime, under which Liu's exclusion proceedings were conducted, "when a respondent had been given proper notice of the time and place of a hearing but fail[ed] to appear, the IJ 'shall conduct an *in absentia* hearing.'" *Twum*, 411 F.3d at 57–58 (quoting 8 C.F.R. § 3.26(a) (1995), recodified at 8 C.F.R. § 1003.26(a)) (2004). "However, where 'an alien later establishes that he [or she] had reasonable cause for his [or her] failure to appear, the [i]mmigration [j]udge's order may be vacated and proceedings may be reopened.'" *Id.* at 58 (quoting *In re N–B*, 22 I. & N. Dec. 590, 591, 1999 WL 157627 (BIA 1999)). A party seeking to reopen exclusion proceedings must support his claims with affidavits or other evidentiary material. *See Matter of Haim*, 19 I. & N. Dec. 641, 642, 1988 WL 235452 (BIA 1988). When the agency exercises its discretion

to grant or deny a motion to reopen, this Court's review is deferential. *See Twum,* 411 F.3d at 58.

■ Although, under the regulations existing at the time the IJ entered the *in absentia* exclusion order in the present case, an order entered *in absentia* in deportation proceedings could be rescinded only upon a motion to reopen filed with the immigration judge within 180 days after the entry of the order, the regulations did not provide similar limitations on motions to reopen exclusions proceedings conducted *in absentia. See* 8 C.F.R. § 3.23(b)(4)(iii) (1999); *see also In re N–B,* 22 I. & N. Dec. at 592–93 (noting that there appeared to be a drafting error in 8 C.F.R. § 3.23(b)(4)(iii), such that the restrictions on motions to reopen deportation proceedings conducted *in absentia* did not apply to exclusion proceedings). Accordingly, notwithstanding Liu's failure to move to reopen his exclusion proceedings before the IJ prior to filing his appeal of the *in absentia* order to the BIA, Liu has sufficiently exhausted his administrative remedies as they existed at the time. Thus, this Court may review the merits of the *in absentia* dismissal.

■ It is undisputed that Liu was properly served with notice of the time and place of his December 15th hearing and failed to attend. Accordingly, the only issue before the Court is whether the BIA abused its discretion in determining that Liu had not shown reasonable cause for his failure to appear. In his BIA brief, Liu claimed that the IJ had been "confus[ed]" and erred in proceeding with the hearing given the pendency of his prior appeal to the BIA. Liu further asserted that the IJ "should have waited the decision of the BIA of the [f]irst [a]ppeal before proceeding with any hearing." However, Liu did not cite any authority in support of this proposition.

Moreover, as the Government correctly observes, the IJ had scheduled the December 15th hearing prior to Liu's first notice of appeal to the BIA and a review of the record does not reveal that Liu sought a stay of this hearing pending decision in that appeal. With respect to Liu's contention in his BIA brief that his proceedings before the IJ were automatically stayed upon his filing of his first notice of appeal, the Government correctly asserts that the applicable regulations, which provided for a stay of certain immigration proceedings pending appeal to the BIA, specifically excluded appeals from an IJ's order denying a motion to reopen except where the IJ's order expressly granted a stay. *See* 8 C.F.R. § 3.6(b) (1999), recodified at 8 C.F.R. § 1003.6(b) (2005). Although Liu believed that the December 15th hearing was stayed pending his appeal to the BIA, it was unreasonable for him to fail to make any effort to verify the accuracy of his beliefs. *See Twum,* 411 F.3d at 61 (observing that "the Immigration Court can and must expect respondents who are ordered to appear before it to make every responsible effort to comply with the order"). Accordingly, the BIA did not abuse its discretion in concluding that Liu had not shown reasonable cause for his failure to appear at the hearing.

■ The BIA likewise did not abuse its discretion in dismissing, as moot, Liu's appeal of the IJ's order denying his motion to reopen his applications for asylum and withholding of deportation. Interlocutory appeals are ordinarily not entertained by the BIA. *See Singh–Bhathal v. INS,* 170 F.3d 943, 945 (9th Cir.1999) (citing *Matter of Correa,* 19 I. & N. Dec. 130, 1984 WL 48595 (BIA 1984)). Rather, on appeal from a final decision of an IJ, the BIA reviews interlocutory orders as raised by the parties. *See Matter of Sacco,* 15 I. &

N. Dec. 109, 110, 1974 WL 30011 (BIA 1974).

In the present case, Liu's first appeal was interlocutory because the IJ had not issued a final order of exclusion and had scheduled a hearing on Liu's application for CAT relief. *See id.* at 109 (noting that alien's appeals were interlocutory because a final order of deportation had not yet been entered by the IJ). As a result of Liu's failure to appear at the December 15th hearing, the IJ denied "all ... applications for lack of prosecution." As the Government correctly observes, the BIA has stated that, in the context of deportation proceedings, inherent in any deportation order, issued as a result of the applicant's failure to appear at a hearing, is a finding that any applications for relief have been abandoned for failure to prosecute. *See In re W-F,* 21 I. & N. Dec 503, 507 n. 5, 1996 WL 426887 (BIA 1996). Accordingly, as the BIA properly concluded that Liu had failed to establish reasonable cause for his failure to attend the December 15th hearing, it also properly dismissed his interlocutory appeal as moot. Specifically, because Liu had abandoned his case by failing to appear at the hearing, whether the IJ had properly determined that Liu had not demonstrated sufficient cause to justify reopening his asylum and withholding of deportation applications was no longer an issue of legal consequence.

The brief submitted by Liu's counsel, David X. Feng, fails to comply with Rule 28(a) of the Federal Rules of Appellate Procedure, which sets forth certain requirements for an appellate brief. Although the Federal Rules of Appellate Procedure require that "appropriate references" to the record be made throughout the statement of facts, *see* Fed. R.App. P. 28(a)(7), counsel's brief does not contain any citation to the record. The brief contains one page of legal argument relevant to Liu's claims and counsel failed to apply the law cited in the brief to the facts of Liu's case. Rule 28 also requires the argument to contain "appellant's contentions and the reasons for them." Fed. R.App. P. 28(a)(9)(A). However, the limited argument provided in the brief is conclusory—counsel merely states, without explanation, that the IJ wrongly ordered Liu excluded *in absentia* and that Liu is entitled to relief from exclusion because he and his wife had been persecuted for violation of China's family planning policies. Additionally, the brief contains several pages of argument relating to the IJ's disposition of a claim not raised by Liu at any time during the administrative proceedings and, at one point, refers to Liu as "her" and states that Liu had a "forced abortion." Although the Court concludes that Liu's petition would be denied even absent these defects, given this cursory and unfocused effort in his client's appeal, counsel is hereby warned that his continued failure to comply with the Rules of Appellate Procedure may result in the imposition of sanctions. *See* Fed. R.App. P. 46(b).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).