**FA LI LIU, Petitioner,**

v.

**BOARD OF IMMIGRATION
APPEALS, Respondent.**

No. 06–5147–ag.

United States Court of Appeals,
Second Circuit.

Nov. 2, 2007.

See also 179 Fed.Appx. 722.

Gary J. Yerman, New York, NY, for Petitioner.

Andrew D. Sparks, Assistant United States Attorney, for Amul R. Thapar, United States Attorney for the Eastern District of Kentucky (Charles P. Wisdom Jr., of counsel), Lexington, KY, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Fa Li Liu, a citizen of the People's Republic of China, petitions for review of the October 19, 2006 BIA order denying his motion to reopen his removal proceedings in order to pursue a claim

under the Convention Against Torture (CAT). *In re Fa Li Liu,* No. A72 433 850 (B.I.A. Oct. 19, 2006). The motion to reopen follows a March 31, 2004 BIA order affirming Immigration Judge ("IJ") William F. Jankun's *in absentia* exclusion order resulting from Liu's failure to appear at a December 15, 1999 hearing. *In re Fa Li Liu,* No. A72 433 850 (B.I.A. Mar. 31, 2004), *aff'g* No. A72 433 850 (Immig. Ct. N.Y. City Dec. 17, 1999). This Court previously denied Liu's petition for review of the March 31, 2004 order. *Fa Li Liu v. U.S. Dep't of Justice,* 179 Fed.Appx. 722 (2d Cir.2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Liu contends that the BIA abused its discretion in denying as untimely his motion to reopen, *Abu Hasirah v. Dep't of Homeland Sec.,* 478 F.3d 474, 476–77 (2d Cir.2007) (per curiam), because it erred in refusing to equitably toll the ninety-day limitation period for filing such a motion, *see* 8 C.F.R. § 1003.2(c)(2). Liu argues that he received ineffective assistance of counsel, resulting in his failure to appear at the December 15, 1999 hearing because he was unaware of the hearing. He further asserts that because of this ineffective assistance, he was unaware of the existence of the *in absentia* order until after receiving his administrative record following this Court's denial of his petition for review on May 1, 2006. In order to prevail on a motion to reopen based on a claim of ineffective assistance of counsel, "an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (per curiam) (internal quotation marks omitted). We conclude that the BIA did not abuse its discretion in refusing to apply equitable tolling after finding Liu failed to establish due diligence in pursuing his claim. *See Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006) (explaining that equitable tolling requires an alien to demonstrate due diligence in pursuing the claim that he seeks to toll from the point when ineffective assistance of counsel should have been, or was in fact, discovered). Both the March 31, 2004 BIA order and May 1, 2006 summary order of this Court state clearly that the IJ issued an *in absentia* exclusion order on December 17, 1999. Liu has failed adequately to allege facts explaining why he should not have discovered the existence of this exclusion order following the March 31, 2004 BIA order. For example, Liu's affidavit offers no explanation as to the steps he took to pursue his claim following the March 31 order and is silent as to the communications, if any, he had with his attorney during this period. Because Liu bears the burden of establishing due diligence, the BIA did not abuse its discretion in refusing to equitably toll the limitations period and denying his motion to reopen.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is therefore DENIED as moot.