# In re N-B-, Applicant

*Decided March 24, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The regulatory language at 8 C.F.R. § 3.23(b)(4)(iii)(B) (1998) contains no time or numerical limitations on aliens who wish to file a motion to reopen exclusion proceedings conducted in absentia.

Nora S. Markman, Esquire, New York, New York, for applicant

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSEN-BERG, MATHON, GUENDELSBERGER, JONES, GRANT, SCIALABBA, and MOSCATO, Board Members.

MATHON, Board Member:

In an order dated September 18, 1997, an Immigration Judge denied the applicant's motion to reopen exclusion proceedings, which had been conducted in absentia. The applicant has filed a timely appeal from the Immigration Judge's order, supported by an appellate brief. The Immigration and Naturalization Service has not filed a brief in opposition to the appeal. For the following reasons, we will sustain the applicant's appeal and remand the record to the Immigration Judge for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

The record reveals that on October 17, 1995, the applicant, a native and citizen of Morocco, arrived in the United States without possessing a valid, unexpired immigrant visa and was served with a Notice to Applicant for Admission Deferred for Hearing Before Immigration Judge (Form I-122). The applicant was subsequently given proper written notice of an exclusion hearing scheduled for December 15, 1995. When the applicant failed to appear for her scheduled hearing, the Immigration Judge found her inad-

missible and ordered that she be excluded and deported from the United States. On August 19, 1997, the applicant filed a motion to reopen proceedings, with supporting documentation, alleging that her severe illness, which necessitated surgery, prevented her attendance at the scheduled hearing.

The Immigration Judge denied the applicant's motion to reopen after determining that it was not filed in a timely manner. The Immigration Judge concluded that the applicant's motion did not fall into any of the exceptions to the regulatory directive that only one motion to reopen may be filed and that it must be filed within 90 days of the final administrative order or on or before September 30, 1996, whichever is later. *See* 8 C.F.R. § 3.23(b)(1) (1998).

## II. ANALYSIS

We find that the applicant's motion to reopen exclusion proceedings in this case was timely filed. The statute governing exclusion proceedings is silent as to whether an order of exclusion may be entered in absentia. *See* section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226 (1994).[1] Nonetheless, we have held that just as an Immigration Judge may conduct deportation proceedings in absentia, an Immigration Judge has the authority to conduct exclusion proceedings in absentia. *See Matter of S-A-*, 21 I&N Dec. 1050 (BIA 1997); *Matter of Nafi,* 19 I&N Dec. 430, 431 (BIA 1987). Where an alien later establishes that he had reasonable cause for his failure to appear, the Immigration Judge's order may be vacated and proceedings may be reopened, or the alien may appeal the adverse decision directly to the Board. *Matter of Ruiz*, 20 I&N Dec. 91, 92-93 (BIA 1989); *Matter of Haim*, 19 I&N Dec. 641, 642-43 (BIA 1988); *Matter of Nafi, supra*, at 432; *cf. De Morales v. INS*, 116 F.3d 145 (5th Cir. 1997).

Federal regulations govern time and numerical limitations on motions to reopen removal, deportation, and exclusion proceedings. As the Immigration Judge correctly recognized, the regulation at 8 C.F.R. § 3.23(b)(1) provides generally that "[a] motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is

---

[1]Until April 1, 1997, exclusion proceedings were governed by section 236 of the Act. Effective April 1, 1997, the relevant provisions of section 236 were deleted from the Act by section 303 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-585 (enacted Sept. 30, 1996) ("IIRIRA"). At that time removal proceedings became the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States. *See* IIRIRA § 304, 110 Stat. at 3009-587 (codified at sections 239, 240 of the Act, 8 U.S.C. §§ 1229, 1229a (Supp. II 1996)).

later." *See also* 8 C.F.R. § 3.2(c)(2) (1998) (regarding motions to reopen or reconsider filed with the Board). Furthermore, 8 C.F.R. § 3.23(b)(1) states that, with certain exceptions, "a party may file only one motion to reconsider and one motion to reopen proceedings." One such example exists for a motion to reopen in the asylum context based upon changed country conditions. *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997); 8 C.F.R. § 3.23(b)(4). Additionally, no time and numerical limitations apply to a motion to reopen agreed upon by all parties and jointly filed. 8 C.F.R. § 3.23(b)(4)(iv).

At issue in this case is the regulation that provides exceptions to filing deadlines for motions seeking to reopen orders that were "entered in absentia in deportation or *exclusion proceedings*." 8 C.F.R. § 3.23(b)(4)(iii) (emphasis added). Although the subheading at 8 C.F.R. § 3.23(b)(4)(iii) signals that this regulation provides a time exception for motions to reopen both *deportation and exclusion* proceedings conducted in absentia, the regulation itself provides a time exception only for motions to reopen *deportation* proceedings conducted in absentia. The regulation is silent as to what specific time exception applies to motions to reopen *exclusion* proceedings conducted in absentia. The regulation provides only a *standard* for reopening, stating that "[a] motion to reopen exclusion hearings on the basis that the Immigration Judge improperly entered an order of exclusion in absentia must be supported by evidence that the alien had *reasonable cause* for his failure to appear." 8 C.F.R. § 3.23(b)(4)(iii)(B) (emphasis added).

Along with giving effect to the ordinary meaning of a provision's words, a fundamental guide to statutory interpretation is "common sense." *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1994); *Matter of Villalba*, Interim Decision 21 I&N Dec. 842, at 849 (BIA 1997) (citing *First United Methodist Church of Hyattsville v. United States Gypsum Co.*, 882 F.2d 862, 869 (4th Cir. 1989), *cert. denied*, 493 U.S. 1070 (1990)). "Inasmuch as a regulation is a written instrument the general rules of [statutory] interpretation apply." 1A Norman J. Singer, *Sutherland Statutory Construction*, § 31.06, at 532 (4th ed. 1985). In exercising our common sense to ascertain the meaning of the pertinent regulations in the instant case, "we construe the language in harmony with the wording and design of the [regulations] as a whole." *Matter of Fuentes-Campos*, 21 I&N Dec. 905, at (BIA 1997) (citing *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988)).

The regulations concerning time and numerical exceptions for motions to reopen designate a specific subsection for motions to reopen exclusion proceedings held in absentia. *See* 8 C.F.R. § 3.23(b)(4). In the design of these regulations, that subsection is given prominence equal to the subsection which specifies that motions to reopen deportation proceedings conducted in absentia are not bound by the general time and numerical limitations. *Compare* 8 C.F.R. § 3.23(b)(4)(iii)(A) *with* 8 C.F.R. § 3.23(b)(4)(iii)(B). The regulation at 8 C.F.R. § 3.23(b)(4)(iii)(B) appears to

contain a drafting oversight and thereby fails to state explicitly whether time or numerical restrictions exist for motions to reopen exclusion proceedings conducted in absentia. Construing the existing regulatory language, we interpret this regulation as setting no time or numerical limitations on aliens who wish to reopen exclusion proceedings conducted in absentia.[2] Therefore, in the instant case, the applicant filed her motion to reopen in a timely manner.

As noted above, the regulation codifies the "reasonable cause" standard at 8 C.F.R. § 3.23(b)(4)(iii)(B). In this case, the applicant argues incorrectly that the appropriate standard is "exceptional circumstances" (a more stringent standard), found in section 242B of the Act, 8 U.S.C. § 1252b (1994). Upon examination of the documentary evidence, we find that the applicant has demonstrated "reasonable cause" for her absence from her scheduled exclusion hearing. Sufficient and credible evidence of record supports the applicant's contention that she was suffering from a serious illness beginning approximately December 13, 1995, which necessitated surgeries on December 28, 1995, and April 15, 1996. *See Matter of Ruiz, supra* (stating that an alien seeking to reopen exclusion proceedings must support alleged facts with affidavits or other evidentiary materials).

## III. CONCLUSION

Accordingly, we conclude that the applicant's motion to reopen exclusion proceedings conducted in absentia was not barred by the regulatory time limitations. Furthermore, as addressed above, the applicant has established that a serious illness provided her with "reasonable cause" for missing her scheduled exclusion hearing. The following orders will therefore be entered.

**ORDER:** The applicant's appeal is sustained, and the decision of the Immigration Judge is vacated.

**FURTHER ORDER:** The proceedings are reopened, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.

---

[2]The Executive Office for Immigration Review ("EOIR") interpreted these regulations in a similar manner in its publication issued in May 1996 in advance of the July 1, 1996, effective date of the regulations. *See* Executive Office for Immigration Review, U.S. Dep't of Justice, *Questions and Answers Regarding EOIR's New Appeals and Motions Procedures* (1996). In this publication, EOIR stated that motions to reopen exclusion proceedings on the basis that the Immigration Judge improperly entered an in absentia exclusion order have "no time or number restrictions regardless of the reason asserted in the motion for the failure to appear." Id. at 6.

We emphasize that our decision in the instant case "fills in" the regulatory "gap" that exists in the current regulation. Nothing prevents the Department of Justice from revising the current regulation to fill the regulatory gap in a manner that would create specific restrictions on motions to reopen exclusion proceedings conducted in absentia.