**ALIJA MUSIC, Naser Music, Elvina Music, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondents.**

No. 04–0847–AG.

United States Court of Appeals, Second Circuit.

Jan. 25, 2006.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Carole J. Ryczek, Edmond E. Chang, Clay M. West, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA decision is VACATED, and the case is REMANDED for further proceedings consistent with this decision.

Alija Music, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") denial of his motion to reopen exclusion proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

Denials of motions to reopen, including motions to reopen challenging orders of removal entered in absentia, are reviewed for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000). Under this standard, the denial of a motion to reopen proceedings is reviewed to determine " 'whether the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.' " *Iavorski*, 232 F.3d at 128 (quoting *Fuentes–Argueta v. INS*, 101 F.3d 867, 870 (2d Cir.1996)).

Neither the IJ nor the BIA specified what standard they were applying in finding that Music's case did not merit reopening. On appeal, the government contends that the petitioner was required to show that "exceptional circumstances" prevented his appearance, pursuant to 8 U.S.C. § 1252b(c)(3)(A) (1994). Section 1252b, however, governed *deportation* proceedings. Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104–208, Div. C., Title III, 110 Stat. 3009–546, there was a distinction between exclusion and deportation proceedings. *See Patel v. McElroy*, 143 F.3d 56, 60 (2d Cir.1998).[2] The petitioner attempted to

---

2. IIRIRA consolidated exclusion and deportation proceedings into "removal" proceedings, repealing 8 U.S.C. § 1252b and enacting 8 U.S.C. § 1229a to govern removal proceedings. *See Patel*, 143 F.3d at 61. Section 1229a(b)(5) now controls in cases where an alien fails to appear at removal proceedings, and it requires a timely filed motion to reopen

enter the country in 1992 and was placed in *exclusion* proceedings in 1993, prior to IIRIRA's enactment. Under BIA regulations, an alien can move to reopen exclusion proceedings on the basis that the IJ improperly entered an exclusion order in absentia by presenting evidence of "reasonable cause" for his or her failure to appear. 8 C.F.R. § 1003.23(b)(4)(iii)(B); *see also Matter of N–B–*, 22 I. & N. Dec. 590, 591, 1999 WL 157627 (BIA 1999). We have no way of determining whether the IJ and BIA, like the government on appeal, mistakenly relied on the more stringent "exceptional circumstances" standard rather than the "reasonable cause" standard.

Moreover, both the IJ and BIA are required to " 'consider the record as a whole [and] issue a reasoned opinion' when considering a motion," and it is not clear that either did so here. *Romero–Morales v. INS*, 25 F.3d 125, 129 (2d Cir.1994) (alteration in original) (quoting *Anderson v. McElroy*, 953 F.2d 803, 806 (2d Cir.1992)). The IJ simply denied Music's motion in a form order, without indicating whether he considered Music's claim that he was in fact present in the courthouse and only left because of a clerk's instructions. The BIA acknowledged this claim, but failed to evaluate its significance. Instead, it chose to construe his claim as one of ineffective assistance of counsel—ignoring that Music never alleged attorney error in this specific context—and denied the motion because of his failure to comply with *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). In doing so, the BIA suggests that it did not consider the record as a whole and specifically ignored Music's appeal brief and the motion itself. Both clearly indicated that the court clerk, not

*demonstrating "exceptional circumstances."*

an attorney, was responsible for the misunderstanding in this case.

The BIA thus abused its discretion, *see Iavorski*, 232 F.3d at 128, and the case is remanded for a clear determination on: (1) whether, under the circumstances Music described, he truly failed to appear, and (2) if so, whether such circumstances could constitute reasonable cause for failure to appear.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for proceedings consistent with this order. Having completed our review, the pending motion for a stay of removal is DENIED as moot.