**Yi Kui HUANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–4061–AG.

United States Court of Appeals, Second Circuit.

April 14, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Heather K. McShain, Ramon E. Reyes, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

SUMMARY ORDER

Yi Kui Huang petitions for review of the July 11, 2005 decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his exclusion proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issue; presented on appeal.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Sukhraj Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory state-

ments; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ Huang's motion to reopen was not time- or numerically-barred, as the BIA found. Normally, an alien may only file one motion to reopen exclusion proceedings within 90 days of the fina administrative decision. 8 C.F.R. § 1003.2(c)(2). However, the same time and numerical limitations do not apply to *in absentia* orders in deportation proceedings. 8 C.F.R. §§ 1003.2(c)(3)(i), 1003.23(b)(4)(iii). This regulation does not specifically cover exclusion proceedings, but the BIA found this omission to be a drafting oversight, and interpreted the regulation as "setting no time or numerical limitations on aliens who wish to reopen exclusion proceedings conducted *in absentia.*" *Matter of N–B–,* 22 I. & N. Dec. 590, 592–93 (BIA 1999).

■ However, even treating Huang's motion—filed nearly ten years after the BIA last visited his case—as timely, the BIA rationally concluded in the alternative that Huang "did not exercise sufficient diligence in filing the motion to reopen," even if he was not under any official time limit. *See Edin Cekic v. INS,* 435 F.3d 167, 171–72 (2d Cir.2006); *Stanislav Iavorski v. INS,* 232 F.3d 124, 134–35 (2d Cir.2000) (requiring aliens claiming entitlement to equitable tolling in ineffective assistance of counsel cases to exercise due diligence). The BIA denied his appeal of the IJ's denial of his first motion to reopen in 1996, and Huang did nothing to challenge his order of exclusion until after the birth of his third child in 2005. Therefore, the BIA did not abuse its discretion in concluding that Huang had failed to exercise due diligence here, or to provide a compelling reason for the BIA to reopen his case, based on his children born years after the entry of his final order. *See Wei*

*Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006); *Li Yong Zheng v. United States Dep't of Justice,* 416 F.3d 129, 131 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is this petition is DENIED as moot.