**JIN XIONG ZHOU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–5059–ag.

United States Court of Appeals, Second Circuit.

June 14, 2006.

John Z. Zhang, New York, NY, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, James K. Filan, Jr., Assistant United States Attorney, Bridgeport, CT, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Jin Xiong Zhou petitions for review of the BIA's August 28, 2005 decision affirming Immigration Judge ("IJ") Gabriel C. Videla's April 13, 2005 denial of his motion to reopen his exclusion proceedings. We presume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's denial of a motion to reopen for abuse of discretion. *See id.* at 58. First, we find that the IJ properly construed Zhou's second motion as a motion to reopen. In his second motion, Zhou pointed to no errors made by the IJ, as is required for a motion to reconsider, but rather offered a completed asylum application, constituting previously unavailable evidence as required for a motion to reopen. *See* 8 C.F.R. § 1003.23(b)(2), (3).

A petitioner is required to show reasonable cause for his failure to appear in order to reopen his exclusion hearings after an *in absentia* order. *In re N–B–,* 22 I. & N. Dec. 590, 592–93, 1999 WL 157627 (BIA 1999); 8 C.F.R. § 1003.23(b)(4)(iii)(B). Zhou claims in his brief to this Court that he was detained by the "snakehead" for over a month, during which he missed his exclusion hearing. We lack jurisdiction to consider this claim because Zhou failed to exhaust it before the IJ or BIA. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Indeed, Zhou argued in his brief to the BIA only that he had "no excuse" for his failure to appear.

As an alternative to rescinding his *in absentia* order, Zhou argues that the birth of his second child constituted a change in circumstances that gives rise to a well-founded fear of future persecution, on account of which he may reopen his exclusion

proceedings under 8 C.F.R. § 1003.23(b)(4)(i) in order to apply for asylum. The IJ found that, even if his change in personal circumstances constituted a "change in circumstances" under the regulation, Zhou exercised unreasonable delay in bringing his motion. The IJ's denial of the motion was by no means an abuse of discretion, given that Zhou waited more than two years from the birth of his second child to bring this information to the IJ's attention.

For the foregoing reasons, the petition for review is DENIED and the motion for summary denial is DISMISSED as moot. The pending motion for a stay of removal in this petition is DENIED as moot.