**Nikulkumar PANDIT, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

No. 06–0020–ag.

United States Court of Appeals, Second Circuit.

Jan. 7, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Genet Getachew, Brooklyn, N.Y., for Petitioner.

Serrin Turner and David Jones, Assistant United States Attorneys, of counsel, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** that the petition is **DENIED.**

Nikulkumar Pandit ("Pandit"), a native and citizen of India, seeks review of a December 5, 2005 order of the BIA affirming the June 28, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying Pandit's motion to reopen his immigration proceedings following entry of an *in absentia* exclusion order dated January 26, 2005. *In re Nikulkumar Pandit,* No. A72 765 547 (B.I.A. Dec. 5, 1005), *aff'g* No. A72 765 547 (Immig. Ct. N.Y. City June 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

An alien can move to reopen exclusion proceedings where the IJ entered an exclusion order *in absentia* by presenting evidence of "reasonable cause" for his or her failure to appear. 8 C.F.R. § 1003.23(b)(4)(iii)(B); *see also Matter of N–B–,* 22 I. & N. Dec. 590, 591, 1999 WL 157627 (BIA 1999). "[T]he IJ has broad discretion to grant or deny that motion based on all the facts and circumstances involved, including the general strength and plausibility of the evidentiary showing that the movant has made." *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005) (internal quotation marks and citation omitted); *see also Alrefae v. Chertoff,* 471 F.3d 353, 360 (2d Cir.2006) (noting that an "IJ may consider the totality of the circumstances" in adjudging reasons proffered by an alien for his failure to appear).

The IJ did not abuse his discretion by denying Pandit's motion to reopen, which proffered a doctor's note virtually identical to the one Pandit produced after missing his first exclusion hearing in 1998.[2] Although the doctor's note submitted by Pandit states that he was seen by a doctor

---

**2.** While the BIA found that the earlier note was sufficient to establish reasonable cause

on the day before the hearing, Pandit did not give the IJ advance notice that he would be unable to attend, nor did he notify the IJ immediately after the hearing and seek to reschedule. Instead, Pandit waited almost five months before moving to reopen. The IJ reasonably concluded that Pandit's failure "to act with alacrity," in conjunction with his submission of a virtually identical doctor's note, indicated that Pandit lacked a valid excuse for his failure to appear and was merely seeking to delay adjudication of his case. Accordingly, the IJ acted well within his discretion in finding that Pandit had not shown "reasonable cause" for his failure to appear, for the second time, at a scheduled exclusion hearing.

For the foregoing reasons, the petition for review is **DENIED.**

for Pandit's absence from his first hearing in 1998, *In re Nikulkumar Pandit*, No. A72 765 547 (B.I.A. May 10, 2002), *vacating* No. A72 765 547 (Immig. Ct. N.Y. City Oct. 2, 1998), the IJ reasonably found it implausible that Pandit again was diagnosed with identical

symptoms by the same doctor at the time of his second exclusion hearing in 2005.

