**Tavinder Singh BAINS, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

**No. 06–5402–ag.**

United States Court of Appeals,
Second Circuit.

June 11, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Amy N. Gell, Gell & Gell, New York, New York, for Petitioner.

John J.W. Inkeles, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C. (Carl H. McIntyre, Jr., Assistant Director, on the brief) for Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, for Respondent.

Present: Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. J. GARVAN MURTHA, District Judge.*

Mukasey is substituted automatically for former Attorney General Alberto R. Gonzales as the respondent in this case.

## SUMMARY ORDER

Petitioner Tavinder Singh Bains, a citizen of India, petitions for review of an October 26, 2006 order of the Board of Immigration Appeals ("BIA") denying a motion to reconsider a June 30, 2006 decision denying a motion to reopen exclusion proceedings conducted *in absentia.* Familiarity with the facts and procedural history is presumed.

We review the denial of motions to reopen immigration proceedings and motions for reconsideration for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (*per curiam*); *Wei Guang Wang v. BIA,* 437 F.3d 270, 273 (2d Cir.2006). "The BIA abuses its discretion if its decision 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.'" *Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146 (2d Cir.2007) (quoting *Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir.2006)).

In its June 30, 2006 order denying Bains's motion to reopen, the BIA appropriately determined that even though it lacked jurisdiction to entertain Bains's application for adjustment of status, *see* 8 C.F.R. § 1245.2, it had jurisdiction to reopen proceedings to vacate a final order and facilitate review of the application by the district director, *see Sheng Gao Ni v. BIA,* 520 F.3d 125, 130–31 (2d Cir.2008). The BIA ultimately declined to reopen, however, because it concluded that Bains had failed to show "reasonable cause" for missing his March 16, 1995 exclusion hearing, the only available ground for reopening *in absentia* exclusion proceedings, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(B).

---

* The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

In its October 26, 2006 order—the only order under review here—the BIA again reiterated that jurisdiction to consider the application for adjustment of status lay with the district director, and that it had authority to consider only whether Bains had shown reasonable cause for missing his exclusion hearing. It then stated that insofar as Bains's motion for reconsideration challenged the earlier determination as to reasonable cause, the motion should be construed as one to reopen. The BIA concluded that such a motion was both time- and number-barred pursuant to 8 C.F.R. § 1003.2(c)(2), and therefore denied it on these grounds. This was an abuse of discretion.

While motions to reopen exclusion proceedings ordinarily must be filed within ninety days of a final agency decision and usually are limited to one, *see* 8 C.F.R. § 1003.2(c)(2), the agency has interpreted 8 C.F.R. § 1003.23(b)(4)(iii)(B) as providing that no time or number bars apply where, as here, an alien seeks to reopen *in absentia* exclusion proceedings. *In re N–B*, 22 I. & N. Dec. 590, 592–93 (BIA 1999). Accordingly, when the BIA construed the motion for reconsideration as one to reopen and denied the motion on the basis of time and number bars, it strayed inexplicably from its decision in *In re N–B*.

The government contends that remand nevertheless would be futile because the BIA's October 26, 2006 decision was based also on the proper and wholly independent ground that Bains had failed to show reasonable cause for missing his exclusion hearing. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir.2007) (holding that remand is futile where Court can predict with confidence that agency would reach same result absent error). We recognize that in its October 26, 2006 order, the BIA stated that its June 30, 2006 decision "was correct for the reasons contained therein,"

thus suggesting that the agency revisited Bains's reasonable cause claim and rejected it anew. But the agency nevertheless went on to state that Bains's "motion to overturn [the reasonable cause] finding is one to reopen," and proceeded to deny the motion, so construed, as time- and number-barred, rather than on the merits. In light of this, we read the October 26, 2006 decision as denying Bains's motion exclusively and erroneously on this procedural ground, and we therefore are compelled to remand. In concluding that the BIA inappropriately denied Bains's motion as procedurally barred, we express no view as to the merits of his reasonable cause claim.

Finally, we take this opportunity to note that while we find merit in Bains's petition, it was not his attorney's brief to this Court that led us to this conclusion. Petitioner's brief fell well short of the requirements of Federal Rule of Appellate Procedure 28. We remind counsel that quality representation, while important to all who seek their day in court, is of acute significance to immigrants, "a vulnerable population who come to this country searching for a better life, and who often arrive unfamiliar with our language and culture, in economic deprivation and in fear." *Aris v. Mukasey*, 517 F.3d 595, 600 (2d Cir.2008).

For the foregoing reasons, we **GRANT** the petition for review, **VACATE** the BIA's October 26, 2006 order, and **RE-MAND** the matter to the BIA.