**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS HERNANDEZ-AMAYA, a.k.a Carlos Hernandez,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>    Respondent. | No. 07-74481<br><br>Agency No. A029-129-971<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Carlos Hernandez-Amaya, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen based on ineffective assistance of counsel. Our jurisdiction is governed by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Hernandez-Amaya's motion to reopen because the motion was filed more than two years after the BIA's January 6, 2005, order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2), and Hernandez-Amaya failed to demonstrate that he acted with the due diligence required for equitable tolling, *see Iturribarria*, 321 F.3d at 897 (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"); *see also Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007) (limitations period may be tolled until petitioner "definitively learns" of counsel's defectiveness).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

We lack jurisdiction to review Hernandez-Amaya's remaining contention because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674,

07-74481

678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**