09-4102-ag
Patel v. Holder

BIA
Videla, IJ
A073 148 936

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of June, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> PETER W. HALL,
>> *Circuit Judges.*

_____

REENABEN NARINDERBHAI PATEL,
a.k.a. KAMALABEN KISHORBHAI PATEL,
a.k.a. MINAKSHI PATEL
   *Petitioner,*

   v.                                    09-4102-ag
                                         NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONER:        Harold D. Block, Milwaukee, Wisconsin.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Jennifer P. Levings, Senior Litigation Counsel;

**Jennifer R. Khouri, Trial Attorney,**
**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Reenaben Narinderbhai Patel, a native and citizen of India, seeks review of a September 2, 2009, order of the BIA, affirming a November 20, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied her motion to reopen. *In re Reenaben Narinderbhai Patel a.k.a. Kamalaben Kishorbhai Patel*, No. A073 148 936 (B.I.A. Sept. 2, 2009), *aff'g* No. A073 148 936 (Immig. Ct. N.Y. City Nov. 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Motions to reopen *in absentia* exclusion orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353-55 (BIA 1998) (en banc). When, as here, an alien files a motion that seeks rescission of an *in absentia* exclusion order, we review the BIA's denial of the motion for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

Although the agency's regulations provide that *in absentia* orders of exclusion are not subject to time or numerical limitations, the regulations require an alien to demonstrate that she had reasonable cause for her failure to appear. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B); *In re N-B-*, 22 I. & N. Dec. 590, 592-93 (BIA 1999). Here, Patel was in exclusion proceedings, and there was no deadline applicable to her motion to rescind. *See id* at 593. However, the agency did not abuse its discretion in finding that she failed to demonstrate reasonable cause for her failure to appear. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

2

Patel first asserts that she failed to appear at her exclusion proceedings because she was not provided with proper notice. In support of this argument, she highlights defects in the "Notice to Applicant for Admission Detained/Deferred For Hearing Before Immigration Judge" ("From I-122"), notes that the IJ entered the exclusion order on a date different from her hearing date, and raises questions as to whether she received an accurate list of legal providers. However, she failed to raise these issues before the agency. As such, the issues are unexhausted, and we will not consider them. *See Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

Patel also argues that she failed to receive proper notice because "the full implications of an order of exclusion were [not] explained" to her and that she was "not certain" that she was told the date of her proceedings through a Hindi interpreter. Yet, before the agency, she conceded that she received the Form I-122 and that it was explained to her in Hindi. While Patel alleges that she was "not certain" that she was told the date of her proceedings through a Hindi interpreter, the INA does not require that notice be provided in any particular language. *See Lopes v. Gonzales,* 468 F.3d 81, 84-85 (2d Cir. 2006). Thus, the agency did not abuse its discretion in concluding, in the words of the IJ, that "such vague contentions [do not] constitute reasonable cause for [Patel's] failure to appear at her exclusion proceedings."

Finally, Patel argues that the agency's decision is erroneous because the government failed to meet its burden of proving that she was excludable by clear and convincing evidence in her underlying proceedings. That argument is without merit because it does not relate to Patel's burden of establishing reasonable cause for her failure to appear. 8 C.F.R. § 1003.23(b)(4)(iii)(B). Nonetheless, in exclusion proceedings, the burden is upon the applicant to establish that she is not inadmissible under any provision of the Act. *See* 8 U.S.C. § 1361. Accordingly, the IJ properly ordered her removed when she failed to appear for her exclusions proceedings, *see* 8 C.F.R. § 1003.26, and the agency did not abuse its discretion in denying her motion to reopen for failure to establish a reasonable cause for her failure to appear.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk