Ramsood v. Holder

BIA
A029 509 119

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of August, two thousand twelve.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　BARRINGTON D. PARKER,
　　　　SUSAN L. CARNEY,
　　　　　　*Circuit Judges.*
_____

OMADQT RAMSOOD, AKA OMADAT RAMSOOD,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　11-3404
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Naresh M. Gehi, Forest Hills, New York.

FOR RESPONDENT:　　　　Stuart F. Delery, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Omadqt Ramsood, a native and citizen of Guyana, seeks review of an August 4, 2011, order of the BIA denying his motion to reopen. *In re Omadqt Ramsood a.k.a. Omadat Ramsood*, No. A029 509 119 (B.I.A. Aug. 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed Ramsood's motion to reopen/rescind for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). Ramsood argues that his *in absentia* order of exclusion[1] should be rescinded due to the ineffective assistance of his prior counsel. Under the former Immigration and Nationality Act governing *in absentia* exclusion proceedings, with respect to "[a]ny alien [who] has been given a reasonable opportunity to be present at

---

[1]Ramsood's argument that he should be in deportation rather than exclusion proceedings is erroneous because, although he initially entered on a visitor visa, he departed and upon return was paroled into the United States. *See Cruz-Miguel v. Holder*, 650 F.3d 189, 196-97 (2d Cir. 2011) (an alien paroled into the U.S. for the purpose of an exclusion proceeding has not been properly admitted to the U.S. and has thus not effectuated an "entry").

a[n] [exclusion] proceeding . . . and without reasonable cause fails or refuses to attend[,] . . . the special inquiry officer may proceed to a determination in like manner as if the alien were present."  8 U.S.C. § 1252(b) (1992).  An alien ordered excluded *in absentia* may have the order rescinded or obtain reopening if he demonstrates "reasonable cause" for failing to appear, supported by affidavits or other evidence.  *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B).

Ramsood argues that his alleged lack of notice of the hearing and the ineffective assistance of his prior counsel constitute "reasonable cause" for his failure to appear. Lack of notice of a hearing may constitute "reasonable cause" for failure to appear at a hearing.  *Cf*. 8 C.F.R. § 1003.23(b)(4)(iii)(A) (permitting rescission of an *in absentia* deportation order at any time if the alien did not receive notice of his hearing).  To the extent that Ramsood argues that he did not receive the initial notice placing him in proceedings because only his attorney was notified, the record shows that Ramsood was personally served with that notice.  To the extent he asserts that he did not receive notice of the date of the hearing, the record shows

3

that the notice was sent to him at the address he provided.

Ramsood also argues that his failure to appear was due to the ineffective assistance of his counsel who told him that he need not attend the hearing and who failed to notify him of the consequences of his failure to attend.  The BIA did not abuse its discretion in declining to rescind the *in absentia* order and reopen proceedings on the ground that Ramsood failed to act with due diligence.  Although Ramsood was in exclusion proceedings, and thus the usual 90-day time limit on motions to reopen did not apply, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(B)*; In re N-B-*, 22 I. & N. 590, 591-92 (BIA 1999), the BIA was not foreclosed from denying the motion for failure to exercise due diligence because the agency's decision regarding whether to rescind an *in absentia* exclusion order pursuant to 8 C.F.R. § 1003.23(b)(4)(iii)(B) is discretionary. Accordingly, the requirement that aliens exercise due diligence in the equitable tolling context, *see Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000), applies with equal force in this situation and the agency's finding that Ramsood failed to exercise due diligence in rescinding his *in absentia* exclusion order was not an abuse of discretion because

4

Ramsood waited 19 years to file a motion to reopen, had several pending petitions before the United States Citizenship and Immigration Services ("USCIS"), and should have been aware of the consequences of the *in absentia* order. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (providing that the "petitioner bears the burden of proving that he has exercised due diligence" and citing several cases in which we have held that "a petitioner who waits two years or longer to take steps to reopen a proceeding has failed to demonstrate due diligence").

Finally, to the extent that Ramsood argues that the agency was required to reopen to adjudicate his I-130 or continue proceedings to allow adjudication by the USCIS, he challenges the BIA's decision whether to exercise its *sua sponte* authority. We lack jurisdiction to review that decision. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk