Ahir v. Lynch

BIA
Morace, IJ
A074 234 930

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
EDWARD R. KORMAN,
*District Judge.**

------------------------------------------------------------------------------

RAXABEN AHIR,
*Petitioner*,

v.                                                    No. 13-4031

LORETTA E. LYNCH, UNITED STATES ATTORNEY

---

\* Judge Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

GENERAL,

*Respondent.***

--------------------------------------------------------------------------------

FOR PETITIONER:         Garish Sarin, Los Angeles, CA.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Jennifer Williams, Senior Litigation Counsel; Stuart S. Nickum, Trial Attorney; Kate Scanlan, Law Clerk; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Raxaben Ahir, a native and citizen of India, seeks review of a September 27, 2013 decision of the BIA affirming the July 30, 2012 decision of an Immigration Judge, which denied her motion to rescind an order of exclusion and, in the alternative, to reopen proceedings. In re Raxaben Ahir, No. A074 234 930 (B.I.A. Sept. 27, 2013), aff'g No. A074 234 930 (Immigr. Ct. N.Y.C. July 30, 2012). We assume the parties' familiarity with the underlying facts and

---

** The Clerk of Court is directed to amend the official caption to conform with the above.

procedural history in this case, to which we refer only as necessary to explain our decision to grant the petition in part and deny it in part.

We consider both the IJ's and the BIA's decisions "for the sake of completeness," Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008) (quotation marks omitted), and review the agency's denial of a motion to reopen for abuse of discretion, Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006). The BIA rejected Ahir's claim that the ineffective assistance of counsel excused her failure to appear at the December 11, 1995 hearing. It did so on the ground that Ahir "has not presented evidence that [the person she alleged was her attorney] actually represented her." We conclude that the BIA abused its discretion. Contrary to the BIA's determination, Ahir filed a declaration with her motion to reopen that included allegations about her counsel's representation. We therefore grant Ahir's petition for review of the BIA's denial of her motion to reopen.

We turn next to the denial of Ahir's motion to rescind the in absentia exclusion order. The BIA applied an incorrect standard in treating Ahir's motion to rescind as subject to a 180-day time limitation and denying the motion on the ground that it was time-barred. An alien who moves to rescind an order of exclusion issued in absentia faces no time limit on that motion. In re: N-B-, 22 I.

3

& N. Dec. 590, 593 (B.I.A. 1999); see 8 C.F.R. § 1003.23(b)(4)(iii)(B).   But we conclude that Ahir failed to exhaust the issue of whether the BIA applied the correct standard.   Ahir has never challenged the BIA's error, declining to raise the issue before the BIA and even before this Court.   And in evaluating the timeliness of Ahir's motion to rescind, the agency has never considered whether Ahir had "reasonable cause" for her failure to appear at the initial hearing.   8 C.F.R. § 1003.23(b)(4)(iii)(B); see Waldron v. I.N.S., 17 F.3d 511, 515 n.7 (2d Cir. 1993).   Because Ahir failed to exhaust this issue and the BIA did not address it sua sponte, we do not consider it.   Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 107 n.1 (2d Cir. 2007); Foster v. INS, 376 F.3d 75, 77-78 (2d Cir. 2004); see also Zhang v. Gonzales, 426 F.3d 540, 542 n.7 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.") (quotation marks omitted).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court