Singh v. Barr

BIA
Cheng, IJ
A072 765 492

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand twenty.

PRESENT:
    RAYMOND J. LOHIER, JR.,
    RICHARD J. SULLIVAN,
    STEVEN J. MENASHI,
        *Circuit Judges.*
_____

KAMALJIT SINGH,
    *Petitioner,*

    v.                                      18-2158
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*
_____

FOR PETITIONER:            Melinda M. Basaran, BK Law Firm
                           LLC, Clifton, NJ.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney
                           General; Jeffery R. Leist, Senior

Litigation Counsel; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kamaljit Singh, a native and citizen of India, seeks review of a June 27, 2018 decision of the BIA affirming a January 31, 2018 decision of an Immigration Judge ("IJ") denying Singh's motion to rescind his *in absentia* exclusion order and reopen his proceedings to allow him to apply for asylum, withholding of removal, and protection under the Convention Against Torture. *In re Kamaljit Singh,* No. A 072 765 492 (B.I.A. Jun. 27, 2018), *aff'g* No. A 072 765 492 (Immig. Ct. N.Y.C. Jan. 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have considered both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a motion to rescind an exclusion order and reopen proceedings for abuse

of discretion, *see Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005), and we review any finding regarding changed country conditions for substantial evidence, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). The agency abuses its discretion if its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the agency did not abuse its discretion in denying Singh's motion because Singh did not establish (1) reasonable cause for failing to appear at his exclusion hearing or (2) changed country conditions to warrant reopening to apply for asylum.

**I. Motion to Rescind *In Absentia* Exclusion Order**

Exclusion orders entered *in absentia* may be rescinded upon a showing of "reasonable cause for [the] failure to appear." 8 C.F.R. § 1003.23(b)(4)(iii)(B); *Twum*, 411 F.3d at 58; *see also In re N-B-*, 22 I. & N. Dec. 590, 592-93

3

(B.I.A. 1999) (noting that the time restrictions and stricter "exceptional circumstances" standard imposed on motions to reopen deportation proceedings do not apply to exclusion proceedings). One such cause is where the alien did not receive proper notice of the hearing. *See Matter of Haim*, 19 I. & N. Dec. 641, 642 (B.I.A. 1988). While Singh argues that this was the reason he failed to attend his hearing, the record says otherwise.

In 1995, Singh was personally served notice of his May 7, 1996 hearing. His attorney also received notice of the hearing by mail. And before denying reopening, the IJ listened to the recording of the original proceeding and found that Singh's prior counsel was present and told the previous IJ that he had mailed a copy of the hearing notice to Singh's last known address, but Singh did not respond. Accordingly, the record contradicts Singh's allegation that he did not receive proper notice. And, in any event, Singh's more than twenty-year delay in moving to rescind his exclusion order and reopen his proceedings undermines his claim that he would have appeared had he received proper notice.

4

## II. Changed Country Conditions

An alien seeking to reopen proceedings to apply for new relief generally may file a motion to reopen no later than 90 days after the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). Singh's 2017 motion would seem to be untimely, then, since it was filed twenty-one years after he was ordered excluded *in absentia*. But there is an exception. The time limit does not apply to a motion to reopen seeking asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(i).

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253

(B.I.A. 2007). "Change that is incremental or incidental does not meet" this changed conditions requirement for late motions. *Id.* at 257.

Singh argues broadly that his motion to reopen falls within this exception because conditions for Sikhs in India have worsened since his original removal proceeding. To support his claim, Singh submitted four documents: (i) a November 2015 news article on recent anti-Sikh violence in India, (ii) an October 2015 news article concerning an increase in Sikh-led protests, (iii) the 2016/2017 Amnesty International Report for India, and (iv) the 2016 U.S. State Department Human Rights Report for India. But none of these reports demonstrates the type of changed circumstances necessary for Singh to reopen his petition.

For instance, the November 2015 news article indicates that nothing has changed in the treatment of Sikhs in India since a 1984 massacre. Similarly, the 2016 State Department Report notes that there was societal violence based on religious affiliation in India, but does not indicate that Sikhs were targeted or that violence against Sikhs has increased. And the Amnesty International Report does not

6

mention violence against Sikhs beyond the 1984 massacre.

The country conditions evidence at the time of Singh's 1996 hearing—which consisted solely of a 1995 State Department Report on India—is not materially different. Violence against Sikhs and by Sikh militants who wanted a separatist state was common.  Given this account of general violence, as compared to the more recent reports of religious tensions with Sikhs, and the absence of any other country conditions evidence preceding Singh's 1996 hearing, the agency did not abuse its discretion in determining that Singh failed to establish a material change in conditions for Sikhs to warrant reopening.  *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7