# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2021

Lyle W. Cayce
Clerk

No. 20-60205
Summary Calendar

Maritza Lopez-Rivas,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 203 653

Before King, Costa, and Ho, *Circuit Judges.*

Per Curiam:*

Maritza Lopez-Rivas is a native and citizen of Guatemala. She petitions for review of a Board of Immigration Appeals (BIA) order dismissing her appeal of an Immigration Judge (IJ) decision denying a motion to reopen her 1996 in absentia exclusion order. The petition is denied.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60205

First, Lopez-Rivas argues that the BIA did not have authority to consider her direct appeal from her in absentia order. If an alien was ordered excluded in absentia, she could seek to have the order vacated or rescinded by establishing "reasonable cause" for her failure to appear. *See Matter of N-B-*, 22 I. & N. Dec. 590 (BIA 1999); *Matter of Haim*, 19 I. & N. Dec. 641, 642 (BIA 1988). The alien could proceed in two ways. First, as in this case, she could take a direct appeal of the in absentia exclusion order to the BIA. *See Matter of N-B-*, 22 I. & N. Dec. at 590; *Matter of Gonzalez-Lopez,* 20 I. & N. Dec. 644, 646 (BIA 1993); *Matter of Haim*, 19 I.& N. Dec. at 642-43. Alternatively, the alien could move the IJ to reopen and rescind the in absentia order. *See Matter of N-B-*, 22 I. & N. Dec. at 591; *Matter of Gonzalez-Lopez*, 20 I. & N. Dec. at 646; *Matter of Ruiz*, 20 I. & N. Dec. 91, 92 (BIA 1989). If the IJ denied the motion to reopen, the alien could then appeal the denial to the BIA. *See Matter of Ruiz,* 20 I. & N. Dec. at 91.

In *Gonzalez-Lopez*, the BIA stated that it had "for some time had the authority to consider direct appeals from an immigration judge's in absentia order." 20 I. & N. Dec. at 645. Nevertheless, in that particular case, the BIA decided that it lacked authority to consider a direct appeal from an in absentia *deportation* order because deportation proceedings commenced against Gonzalez-Lopez after the effective date of the new deportation procedures specified at 8 U.S.C. § 1252(b)(1) (Supp. II 1990), and 8 U.S.C. § 1252b(c)(1) (Supp. III 1991). *Matter of Gonzalez-Lopez*, 20 I. & N. Dec. at 645-46. Importantly, the BIA determined that the new procedures only applied to *deportation*, not *exclusion*, proceedings. *Id.* at 644; *see also Matter of N-B-,* 22 I. & N. Dec. at 591 (finding, six years after *Matter of Gonzalez-Lopez*, that an alien served after the effective date of the new deportation procedures could still appeal an exclusion order directly to the BIA). Because the alien could appeal directly to the BIA, as Lopez-Rivas did, the BIA's decision is not

2

No. 20-60205

arbitrary and this portion of the petition for review is denied. *See Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005).

Next, Lopez-Rivas argues that the BIA should not have exercised jurisdiction over the direct appeal of the in absentia removal order because it was filed 20 days after the IJ's decision, outside the 10-day filing window set by 8 C.F.R. § 3.38(b)(1995). "Petitioners fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA, either on direct appeal or in a motion to reopen." *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). Failure to exhaust an issue creates a jurisdictional bar. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Lopez-Rivas did not raise this issue before the BIA. Accordingly, this portion of the petition for review is dismissed for lack of jurisdiction. *See Roy*, 389 F.3d at 137; *see also Martinez-Martinez v. Barr*, 831 F. App'x 109, 110 (5th Cir. 2020).[1]

The petition for review is DENIED IN PART and DISMISSED IN PART.

---

[1] Unpublished opinions issued on or after January 1, 1996, are not precedential but may be persuasive. *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).