Jassi v. Holder

BIA
Nelson, IJ
A072 048 960

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

SUNIL KUMAR JASSI
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-1225-ag
NAC

_____

FOR PETITIONER:        Jaime Jasso, Westlake Village, CA.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Ada E. Bosque, Senior Litigation Counsel; Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Sunil Kumar Jassi, a native and citizen of India, seeks review of the April 2, 2010, order of the BIA, affirming the December 17, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his motion to rescind. *In re Sunil Kumar Jassi*, No. A072 048 960 (B.I.A. Apr. 2, 2010), *aff'g* No. A072 048 960 (Immig. Ct. N.Y. City Dec. 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to rescind an *in absentia* order for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). The agency's regulations provide that, although motions to rescind *in absentia* orders in exclusion proceedings are not subject to time or numerical limitations, to obtain rescission an alien must demonstrate that he had reasonable cause for his failure to appear. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B); *Matter of N-B-*, 22 I. & N. Dec.

2

590, 591 (B.I.A. 1999).

Contrary to Jassi's argument that the agency did not take his affidavit into account in reaching its decision, both the IJ and the BIA referred to the claims Jassi made in his affidavit in their decisions on the motion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006) ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (holding that the BIA does not abuse its discretion by giving summary consideration to evidence presented in a motion to reopen).

Jassi further argues that the agency abused its discretion in reaching a decision based solely on a finding that he failed to exercise due diligence, because he successfully demonstrated that he failed to appear for his May 1997 hearing due to ineffective assistance of counsel, and he adequately explained why he waited over 12 years to move to reopen his proceedings. This argument is unpersuasive.

Although Jassi was in exclusion proceedings, and thus the usual 90-day time limit on motions to reopen did not

3

apply, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(D), the BIA was not foreclosed from denying the motion as a matter of discretion due to Jassi's lack of due diligence.  The agency's ultimate decision regarding whether to rescind an *in absentia* exclusion order under 8 C.F.R. § 1003.23 is discretionary. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005); *see also Luna v. Holder*, ---F.3d---, Nos. 07-3796-ag, 08-4840-ag, 2011 WL 722607, at *10 (2d Cir. Mar. 3, 2011) (noting the different treatment this Court has accorded to statutory motions to reopen versus regulatory motions to reopen, the latter of which are discretionary).  Here, the BIA did not abuse its discretion, as it provided a rational explanation for denying the motion – the 12-year delay in filing.  *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001); *see also, e.g., Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 155 (2d Cir. 2007) (three-year delay suggested lack of diligence); *Cekic v. INS*, 435 F.3d 167, 171-72 (2d Cir. 2006) (two-year delay suggested lack of diligence); *Ali v. Gonzales*, 448 F.3d 515, 516-17 & n. 2 (2d Cir. 2006) (eleven-year delay suggested lack of diligence).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk